Good morning, Your Honors. May it please the Court, my name is Vikram K. Vadranath, Counsel for the Petitioner, Mr. Olabisi Carlton-Carew. I would like to reserve two minutes of my time for rebuttal, if I may. Your Honors, in this particular case, the Board of Immigration Appeals erred for two primary reasons. First, it erred in determining that the petitioner was convicted of a qualifying aggravated felony offense, and secondly, it erred in finding that the petitioner was convicted of a qualifying crime of child abuse. I'd like to address both of those issues, followed by the availability of relief in this particular case. First of all, with respect to the aggravated felony conviction, Your Honors, the immigration judge and the Board of Immigration Appeals erred in finding that the petitioner was convicted of an aggravated felony because the sentence in this particular case was less than one year. In order for the petitioner to have been convicted of an aggravated felony under I&I 101-A43G, two things must be true. You're talking about the 1982 burglar conviction? That's correct, Your Honor. I'm curious, where did you raise the argument below? Your Honor, unfortunately, I did not represent the petitioner in the lower proceedings. The petitioner was represented by other alternate counsel. It is true that that precise argument was not presented. The government has argued that this particular issue has been waived. We'd argue that this issue has not been waived for two particular reasons. First of all, the petitioner argued at all times that he was not deportable as an aggravated felon. Now, this issue was raised before the immigration judge. He argued it in court. He briefed this particular issue. He did not argue the precise issue, but it's not required. Under this court's precedence, all that is required is that he puts the Board of Immigration Appeals on notice and that the Board of Immigration Appeals has an opportunity to address the particular issue. When the petitioner argued that he had not been convicted of an aggravated felony, the Board of Immigration Appeals was on notice. Why? Because the definition of an aggravated felony requires two threshold requirements. One, that it be a burglary offense, and two, that a sentence of a year or more must be actually imposed. In this particular case... Someone below can just say, I'm not an aggravated felony, stand silent on the reasons why he's not an aggravated felon, not articulate, as you say, precisely or with any kind of specificity, and then wait until the appeal, and not giving the IJ or the BIA a chance to address that particular precise, I guess, issue? Your Honor, this court has held in articy v. Holder that the alien need not use precise legal terminology. So long as the claim is presented in some aspect to the Board of Immigration Appeals, it's preserved. And so you're submitting that the fact that he said he was not an aggravated felon, that's sufficient precision? Your Honor, we would cite to this court's recent decision on Bonk and Young v. Holder. In that case, this is very similar. In that particular case, the alien argued that his offense was not an aggravated felony. He failed to contest that the offense was a controlled substance violation. He then came to this court and presented that argument for the first time, that he had not been convicted of a controlled substance violation. The court found that that claim had been waived. However, the court noted that the notice of appeal did not include this particular issue. The brief of the BIA did not include this issue. And the challenge to the controlled substance ground of removability was not presented. In this case, we have a different situation. The petitioner did brief that issue to the Board of Immigration Appeals. It was in his notice to appeal. And he did challenge that particular ground of deportability. So we answer your question, yes, Your Honor, that because that ground of deportability was specifically challenged, and because the definition of an aggravated felony requires, it's subsumed in the challenge itself, requires that there be a sentence of a year or more, that the board member necessarily must have considered that particular issue. But if I may, Your Honor, I'd like to proceed on to the issue regarding the crime of child abuse. Consistent with this court's order, I'd like to address that under United States v. Vidal. First of all, in order for this court to determine that the petitioner was convicted of a qualifying crime of child abuse, the court must employ a categorical analysis by comparing the state statute with the federal immigration provision. Now, this court has previously found in Tocatli v. United States that all sections of Section 237A2EI of the INA are subject to the categorical analysis. Child abuse is not defined in the INA. The Board of Immigration Appeals has held that for an offense to be one of child abuse, it must categorically involve a child under the age of 18. Now, in the Board of Immigration Appeals cases in the matter of Velazquez Herrera and the matter of BFD, the age of the victim must be specified in the record of conviction. If we do a categorical comparison of this statute, it's clear, and I think the government has conceded in their briefing, that categorically this offense under Arizona law is not a crime of child abuse. So let's proceed to the modified category. Very well, Your Honor. If we proceed to the modified categorical approach, it similarly does not answer the question. Why? Because the petitioner in this case was not convicted of the information. The government is arguing that the information or indictment answers the particular question. However, if we look at the indictment in this case, the original indictment charged the petitioner with a different offense altogether. He was charged with the violation of 3623B1 under Arizona law. That was for an intentional and knowing violation. It was a class 4 felony under Arizona law. The petitioner did not plead guilty to that. He did not plead guilty to a violation of 3623B1. He pled guilty to 3623B3, which is a completely different offense. It was a class 1 misdemeanor. How do you know that? Well, Your Honor, in the record of conviction, the plea agreement itself. And doesn't that same plea agreement say that the victim was a child? It does not, Your Honor. The plea agreement only cites to 3623B3 as a statute as an entire whole. The guilty plea. Was there a transcript of the guilty plea? There is not, Your Honor. The government in this case did not present any transcript whatsoever. There was no plea colloquy. And the court, therefore, is bound by the plea agreement in this particular case. Under this court's holdings and Chang v. INS as well as Ruth Vidal, where the petitioner pleads guilty to a different offense other than that charged in the information, the court cannot find that the petitioner assented to all of the facts in the information. The petitioner only assented to the facts for which he pled guilty to, which is different. Are you saying none of the documents, the judicially noticeable documents, identify the victim as a child? That's correct, Your Honor. The information in this particular case in the certified administrative record indicates that the original charge, as in United States v. Vidal, was to a separate, different, alternate offense. That was a conviction under 3623B1, intentionally and knowingly involving a child. However, he did not, the petitioner did not plead guilty to that particular offense. If the charge had been what he pled guilty to, even though it was a misdemeanor, it still would be a problem for your client, right? Your Honor, if the petitioner pled guilty to that particular charge, it would be, we would agree then that that issue would be resolved because he would have pled guilty and assented to the facts contained in the information. However, in this case, he did not plead guilty to the Class IV felony. He pled guilty to the Class I misdemeanor. And in United States v. Vidal, this court has held very clearly that when a petitioner pleads guilty to a different offense than that which is charged in the original information, the court cannot find, under the modified catechol approach, that the individual assented to all of the facts. In other words, those facts were not found by a jury, nor under the plea agreement did the petitioner actually plead guilty to those issues. Even though it's a lesser-included offense? Well, in this particular case, it's not a lesser-included offense, Your Honor. Under Arizona law, under the Arizona statute, the statute is, as the government has conceded, is overbroad. It includes harm to a child or to an adult. In this particular case, there could have been another individual. There could have been an adult. We simply do not know from the record. And this is the problem that the government has, is that it is the government's burden to prove deportability by clear and convincing evidence. In this case, there is insufficient information in the record to demonstrate that this was not an adult, given that this is an overbroad statute. I'd like to reserve the rest of my time for rebuttal, Your Honor. Okay. Thank you. May it please the Court, Nancy Cantor on behalf of the Attorney General. Your Honors, the petition for review should be denied today because Petitioner's 1982 burglary conviction renders him statutorily ineligible for cancellation of removal. Here, Petitioner was found removable by virtue of his 2004 child abuse conviction. The government submits today that the plea agreement, the 2004 plea agreement, which can be found on page 246 of the record, definitively establishes that Petitioner was convicted of a crime of child abuse. On page 246 of the record, defendant pled guilty to the following offense, count one, amended child abuse. The title of the statute is child or vulnerable adult abuse. So here, the Court, in entering the guilty plea, narrowed the overly broad language of the statute from child or vulnerable adult abuse to child abuse. But your opposing counsel says he didn't do that. Well, I disagree, Your Honor. I think here the Court does. I actually can't stand by the argument in the government's brief that was submitted three years ago because I don't believe that we can rely on the complaint at all. The guilty plea here indicates that it was count one, amended child abuse. We only have the original complaint. We don't have an amended complaint. So I don't believe we can rely on the original complaint at all. This is kind of a crazy area of the law where we try to match statutes and try to match pleas. But doesn't Vidal make pretty clear that the plea has to match the elements of the charge? I disagree, Your Honor. I think we can look. If Vidal makes clear that the plea has to match the language of the charge, only when there's ambiguity. In Vidal, it was a People v. West plea. So the defendant could have pled guilty to any reasonably lesser included offense. That was all the plea indicated in Vidal. And moreover, in Vidal, there was a second problem of the complaint being overly broad. The language of the complaint charged the defendant with the charge tracked the language of the statute. It didn't include any other indication that the charge had narrowed the language of the statute. The charge that we have evidence of is a felony. Correct? In this case or in Vidal? In this case. Yes. And he pled guilty to a misdemeanor. Yes. And the felony requires knowing participation. It requires that you knowingly do something. Correct. And he pled guilty to doing something negligently or inadvertently. How do those match up? Well, Your Honor, I would submit that based on the language of the 2004 plea. Have I misstated this in any way? No, absolutely not, Your Honor. But I would say that we would here, looking only at the language of the 2004 plea on page 246 of the record, we don't even have to look at the indictment or the original charge. The plea itself definitively establishes that the defendant pled guilty to a crime of child abuse. We don't have to look at all the documents in the record of conviction when here, the guilty plea itself shows that the court has narrowed the language of the statute from child or vulnerable adult abuse down to child abuse itself. The statute under which he pled guilty, 13-3623B3, that statute itself defines a child as a child under 18, thus meeting the board's definition for child abuse. Vidal dealt with auto theft versus joyriding, I guess. Right. And you don't find that a parallel here? Well, the problem in Vidal, though, was you could not read anything based on the guilty plea alone, so they had to rely, in Vidal, reliance on the complaint was necessary. Here, there is no necessary reliance on the complaint when the plea itself. Let's just imagine that we're back in front of the Board of Immigration Appeals and you've got a very active board member who asked the government, okay, he pled guilty to count one amended. Correct? Correct. And then the board member says, show me count one amended. And the response is, it's not in the record. What do we do with that? I think the board can still hold, based on the plea itself, that it's child abuse. I mean, that would be the government's position today, is that the plea itself, the 2004 plea, narrows the language from child abuse, from child or vulnerable adult abuse, that's the name of the statute, child or vulnerable adult abuse, down to child abuse. I think there would be a bigger question, more ambiguity, if the title of the statute was child abuse or vulnerable adult abuse, then you could infer that perhaps they just included the first two words of the statute, versus here, it's child or vulnerable adult abuse. They would have had to strike three words out of the statutory heading in order to narrow it down. What's your best case for the proposition that all we have to look to is the plea itself? My best case? Shepard. Under Shepard, the plea itself indicates that it necessarily rested on the generic offense. Aside from petitioner, so the government's position today is that petitioner is removable by virtue of his child abuse conviction, and that his 1982 conviction for burglary is an aggravated felony. Based on his aggravated felony, he is ineligible for cancellation of removal. The burglary conviction is before the effective date of IRIRA, isn't it? It is, Your Honor, but we recently submitted a 20HA dealing with that. Under Ledesma-Galicia, convictions pre-1988, November 1988, are no longer good for findings of removability, but the fact of the conviction doesn't change. This court has held that in Becker as well as recently affirmed Becker in Villanueva. Yes, in Villanova. Villanueva. So the fact of the conviction is still good, even though the government concedes today that petitioner is no longer removable as an aggravated felony. His only ground of removability is his child abuse conviction. For the government to prevail, the child abuse has to stand, right? You're correct, Your Honor. The child abuse has to stand. The burglary alone won't do it. That is correct. However, the burglary is a good conviction, and petitioner himself brought attention to this court, to Young v. Holder, and under this court's precedent in Young v. Holder, the burglary conviction, it's the petitioner's burden to demonstrate that with respect to the 1982 conviction, that's not an aggravated felony. And based on the court's questions earlier, I don't believe petitioner has met that burden. Of demonstrating, one, that the 82 conviction is not an aggravated felony, and thus that he is eligible for cancellation of removal. Don't assume from our questions what our position is. Sometimes we just like to talk. That's true, Your Honor. In any event, unless the court has any further questions. It's already been asked, but do we, because the biggest point made by the appellant in this case is the problem with the information. Do we have to even look toward the information? I don't believe we do, Your Honor. I believe under Shepard, we can look only at the plea. The 2004 plea establishes that, definitively establishes that it was a child abuse conviction. I think based on the plea alone, he is removable for a crime of child abuse. Technically eligible still to apply for cancellation of removal, but statutorily ineligible based on the aggravated felony. But back to your point, I think the government's only basis today for asserting removability under the child abuse conviction is the 2004 plea. We're not going to rely on the information at all. Okay. Thank you. Thank you, Your Honor. Judge Hawkins, you hit the issue precisely on the head, and that is whether this case is controlled by U.S. Aviv et al. And we would assert that it is, in fact. In that particular case, the defendant pled guilty, again, to a different offense than that was in the complaint. I think we're clear on that. What's your response on Shepard? Yes, Your Honor. With respect to Shepard, this court, again, is bound by the complaint as well as the plea agreement. In this particular case, the plea agreement is only labeling the particular statute. The government is making the argument, well, this statute is labeled child abuse. Well, that may be true, but it also includes abuse against a vulnerable adult. So this court must employ a modified categorical analysis in analyzing the statute. So your argument is that under the categorical approach, the plea alone is okay. But when you move to modified, you can't just use the plea. Your Honor, under the categorical approach, in looking at the statute itself, the statute is overbroad. It's clear categorically this is not a crime involving child abuse because it could be against an adult or a child. In my remaining time, Your Honor, I'd like to address the issue regarding relief. Now, the government makes the argument that Petitioner has a conviction from 1982 that is an aggravated felony, and therefore he's not eligible for cancellation removal. First of all, because this conviction did not involve a sentence of a year or more, it's not an aggravated felony. He can easily demonstrate eligibility for cancellation removal. He's not barred from 240-883. Additionally, under La Desma Galicia, this conviction is not an aggravated felony. The government would have the court believe that there are two separate definitions of an aggravated felony, an aggravated felony definition for conviction for deportability purposes, and an aggravated felony conviction for relief purposes. This is without merit with all due respect, Your Honor. Why? I think you're out of time. Thank you, Your Honor. There's a singular definition of an aggravated felony. Thank you. Thank you very much. This case is now submitted. Thank you both very much.
judges: Fletcher, Hawkins, Murguia